IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES GOLDSON, et al.,

      PLAINTIFFS,

v.               CASE NO. C2-08-844
               JUDGE EDMUND A. SARGUS, JR.
               MAGISTRATE JUDGE TERENCE P. KEMP

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

      DEFENDANTS.

## OPINION AND ORDER

On September 28, 2010, this Court issued an Opinion and Order denying class certification. (Doc. 28). In the Opinion and Order, the Court concluded that the Plaintiffs' claims were not typical of other class members and therefore the Plaintiffs could not adequately represent other class members whose claims were of a substantially different character.

In seeking class certification, the Plaintiffs sought to include all mortgagors whose mortgage was owned by the Defendant, and, after satisfaction of the mortgage debt, was not released from record within ninety days as required by O.R.C. § 5301.36(B). This Court found that the Plaintiffs' mortgage was held on record in the name of the Defendant. This circumstance was "factually unique from the majority of other class members in that Freddie Mac was the 'record mortgagee' in the Goldsons' case and, in other cases, Freddie Mac's loan servicers appeared as the record mortgagee." (Opinion and Order, p. 16).

The Plaintiffs have moved for reconsideration of the denial of class certification. (Doc. 30). In the motion, the Plaintiffs seek certification of a more narrowly defined class to include only those mortgagors whose mortgage was held of record by the Defendant and was not released, upon satisfaction, in the time required by O.R.C. § 5301.36(B).

The Motion for Reconsideration is, in essence, a second motion for class certification. A plaintiff seeking class certification has the burden of establishing the propriety of such certification. *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 560 (6th Cir. 2007). From the record, this Court cannot conclude that the requirements of Rule 23 have been established as to the proposed class. No sufficient showing has been adduced as to numerosity, commonality, typicality, or adequacy of representation.

For the foregoing reasons, the Motion for Reconsideration is **DENIED**. In addition, the Request for Case Management Conference (Doc. 32) is also **DENIED**.

**IT IS SO ORDERED**

7-14-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**